IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| Evergreene Nursing Care Center, <br><br> Plaintiff, <br><br> v. <br><br> Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, <br><br> Defendant. | Cause No.: 3:07cv00024 |
| Evergreene Nursing Care Center, <br><br> Plaintiff, <br><br> v. <br><br> Patrick W. Finnerty, Director of the Department of Medical Assistance Services for the Commonwealth of Virginia; and Marilyn B. Tavenner, Secretary of Health and Human Services for the Commonwealth of Virginia <br><br> Defendants. | Cause No.: 3:07cv00056 |

## SETTLEMENT AGREEMENT

The parties to this Settlement Agreement (hereinafter "Agreement") are Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (hereinafter "Secretary of DHHS"); Patrick W. Finnerty, the Director of the Department of Medical Assistance Services (hereinafter "DMAS") for the Commonwealth of Virginia (hereinafter "Director Finnerty"); Marilyn B. Tavenner, Secretary of Health and Human Services for the

Commonwealth of Virginia ("Secretary Tavenner"); and Evergreene Nursing Care Center (hereinafter "Evergreene"), a skilled nursing facility participating in the Medicare and Medicaid programs. This Agreement seeks to resolve all disputes at issue in two separate actions, *Evergreene Nursing Care Center v. Michael O. Leavitt, Secretary of the United States Department of Health and Human Services* and *Evergreene Nursing Care Center v. Patrick W. Finnerty, Director of the Department of Medical Assistance Services for the Commonwealth of Virginia, and Marilyn B. Tavenner, Secretary of Health and Human Services for the Commonwealth of Virginia*, set forth below.

WHEREAS, Evergreene is a participant in the Medicare and Medicaid programs.

WHEREAS, on May 26, 2005, the Virginia Center for Quality Health Care Services and Consumer Protection (hereinafter "State Survey Agency") conducted a standard certification survey (hereinafter "Survey") of Evergreene. The State Survey Agency concluded that Evergreene failed to comply substantially with six federal requirements for participation in the Medicare and Medicaid programs, one of which was later rescinded by the Centers for Medicare and Medicaid Services (hereinafter "CMS"). On the basis of the Survey findings, CMS determined that a six (6) month period of noncompliance with federal regulations had elapsed and imposed a remedy of termination of Evergreene's Medicare provider agreement effective June 27, 2005.

WHEREAS, based upon the State Survey Agency's findings, on June 2, 2005 DMAS informed Evergreene that it would impose a remedy of termination on Evergreene's Medicaid provider agreement effective June 21, 2005.

WHEREAS, Evergreene disagreed with the State Survey Agency's findings and filed a request for an expedited hearing to dispute the Survey findings and the remedy of termination

imposed by CMS. An in-person administrative hearing was held before Administrative Law Judge Steven Kessel (hereinafter "ALJ Kessel") on July 14, 2005. On August 18, 2005, after reviewing the evidence ALJ Kessel issued his decision and found the preponderance of the evidence established that as of May 26, 2005, Evergreene complied substantially with the five (5) Medicare participation requirements at issue (hereinafter "ALJ Decision"). ALJ Kessel concluded that CMS was not authorized to terminate Evergreene's provider agreement.

WHEREAS, in reliance on the ALJ Decision, Evergreene has continued to provide services to Medicare and Medicaid beneficiaries. The State Survey Agency has continued to periodically survey Evergreene, and Evergreene's Medicare and Medicaid participation has continued uninterrupted.

WHEREAS, on March 8, 2007, the Departmental Appeals Board ("DAB") issued its Final Decision on Review of Administrative Law Judge Decision (hereinafter "DAB Decision"). The DAB Decision affirmed the ALJ Decision in part, but reversed ALJ Kessel's conclusion that CMS lacked a basis to terminate Evergreene's Medicare participation.

WHEREAS, on May 8, 2007, Evergreene timely filed a complaint in an action entitled *Evergreene v. Michael O. Leavitt, Secretary of the United States Department of Health and Human Services*, 3:07cv00024 (hereinafter the "Leavitt Action"), currently pending in the United States District Court, Western District of Virginia, Charlottesville Division, in which Evergreene seeks judicial review of the DAB Decision (hereinafter "Leavitt Action"). On May 22, 2007, in response to notification from CMS instructing the Fiscal Intermediary to stop all Medicare payments to Evergreene (hereinafter "Federal Recoupment Instruction"), Evergreene filed a Motion for Preliminary Injunctive Relief and Request for Expedited Hearing (hereinafter

"Motion for Preliminary Injunction") seeking to enjoin the Secretary of DHHS, during the pendency of Evergreene's appeal, from: (1) terminating Evergreene's Medicare provider agreement retroactive to June 27, 2005; (2) discontinuing Medicare and Medicaid payments; and (3) seeking recoupment of Medicare and Medicaid payments made to Evergreene for services provided after July 27, 2005, which was granted on June 4, 2007.

WHEREAS, by letter dated May 25, 2007, the Director advised Evergreene that it would be responsible for reimbursing DMAS for the period beginning July 28, 2005 through the period of noncompliance. As Evergreene has been determined to be in substantial compliance with the Medicaid conditions of participation beginning July 20, 2006, DMAS advised that it was seeking to recover Medicaid funds paid to Evergreene for the period of July 28, 2005 through July 19, 2006.

WHEREAS, on October 19, 2007, Evergreene filed a complaint in an action entitled *Evergreene v. Patrick W. Finnerty, Director of the Department of Medical Assistance Services, et al.*, 3:07cv00056 (hereinafter the "Finnerty/Tavenner Action"), against Director Finnerty and Secretary Tavenner, both of whom are charged with administering the Commonwealth of Virginia's (hereinafter "Commonwealth") Medicaid Program. The Complaint in the Finnerty/Tavenner Action seeks declaratory and injunctive relief against the Commonwealth in response to attempts by the Commonwealth to recoup Medicaid payments (hereinafter "Commonwealth Recoupment Instruction").

WHEREAS, the parties to this Agreement agree that it is in the best interests of all the parties involved to resolve this matter and avoid the costs and expenses associated with any further litigation of this matter.

NOW, THEREFORE, in consideration of the mutual promises of all the parties to this Agreement set forth herein, the parties to this Agreement, by counsel, agree as follows:

1. Upon execution of the Agreement, and except as relating to any claim regarding enforcement of this Agreement, Evergreene, its successors, assigns, and agents release and discharge the defendants in both the Leavitt Action and the Finnerty/Tavenner Action (hereinafter "the Defendants"), and their successors, predecessors, and current and former directors, affiliates, employees, and agents from liability for any and all claims, losses, liabilities, damages, punitive damages, causes of action, or demands of any nature whatsoever, known or unknown, suspected or unsuspected, knowable or unknowable, accrued or unaccrued, whether at law, in equity or otherwise, which it ever had, now has, or may have arising from or relating to subject matter of this Agreement.

2. Similarly, upon execution of the Agreement, and except as relating to any claim regarding enforcement of this Agreement, the Defendants, their successors, assigns, and agents release and discharge Evergreene in both the Leavitt Action and the Finnerty/Tavenner Action, and its successors, predecessors, and current and former directors, affiliates, employees, and agents from liability for any and all claims, losses, liabilities, damages, punitive damages, causes of action or demands of any nature whatsoever, known or unknown, suspected or unsuspected, knowable or unknowable, accrued or unaccrued, whether at law, in equity or otherwise, which they ever had, now have, or may have arising from or relating to the subject matter of this Agreement.

3. Upon execution of this Agreement and except as relating to any claim regarding enforcement of this Agreement and except as set forth in paragraphs 11 and 12, the parties

hereby forever covenant not to sue Evergreene, the Defendants, the parties' directors, employees and agents, for any and all claims, demands and damages related to the subject matter of this Agreement. The parties warrant that, other than the Complaints filed in the Leavitt Action and the Finnerty/Tavenner Action, no party has filed claims against each other, their directors, employees and agents, and knows of no such claims filed in court, arbitration, or in any other forum between Evergreene and the Defendants pertaining to the subject matter of this Agreement.

4. The parties hereby agree that Evergreene's termination from the Medicare and Medicaid programs will be in effect from June 27, 2005 for a period of forty-five (45) calendar days (hereinafter "Termination Period") up to and including August 10, 2005.

5. Evergreene agrees to repay all Medicare receivables to CMS for the Termination Period in the amount of $8,312.05.

6. Evergreene agrees to repay to the Commonwealth of Virginia those Medicaid receivables received applicable to the Termination Period in the amount of $185,735.74. The parties acknowledge that DMAS has recouped Medicaid receivables in excess of the Medicaid receivables for the Termination Period, for which the Commonwealth hereby agrees to reimburse Evergreene in the amount of $170,691.43 within ten (10) business days after execution of this Agreement by the parties pursuant to Virginia Code § 2.2-514. DMAS, on behalf of the Commonwealth, shall send payment of this amount by an electronic funds transfer (hereinafter "EFT") transaction to Evergreene.

7. DHHS and CMS agree to repay to the Commonwealth the proportional share of FFP for the Termination Period beyond the above-mentioned forty-five (45) days on a pro-rata

basis. This shall be accomplished after execution of the Agreement via adjustment through the quarterly CMS report.

8. Upon execution of this Agreement by all the parties to this Agreement pursuant to Virginia Code § 2.2-514, and upon Evergreene's repayment of all Medicare receivables to CMS and upon DMAS' payment to Evergreene in the amount recouped in excess of the Medicaid reimbursement during the Termination Period, Evergreene shall move to dismiss with prejudice both the Leavitt Action, 3:07cv00024 and the Finnerty/Tavenner Action, 3:07cv00056 within ten (10) business days.

9. The parties also agree to an additional stay in both the Leavitt Action and the Finnerty/Tavenner Action up to and including March 25, 2008.

10. This Agreement shall be deemed a full, final, and complete settlement of the Leavitt Action and the Finnerty/Tavenner Action.

11. This Agreement shall not in any way preclude DMAS from re-opening any and all of Evergreene's cost reports, including but not limited to, fiscal years 2005 and 2006, with regard to Medicaid covered services applicable to dates of service outside the dates of the Termination Period.

12. This Agreement shall not in any way preclude Evergreene from appealing any and all re-openings of its costs reports by DMAS, including appealing the basis for re-opening and the findings supporting any re-openings and/or adjustments to the applicable cost report. Evergreene agrees not to appeal any issues resolved in strict compliance with this Agreement.

13. The parties, particularly Evergreene and the Commonwealth, dispute that the attorneys' fees and costs arising out of this Agreement and the associated litigation, including the

federal administrative appeal brought by Evergreene against CMS before Administrative Law Judge Kessel and appealed to the Departmental Appeals Board, are allowable costs under the Medicaid program. Therefore, these parties agree that the resolution of this dispute be adjudicated through state administrative proceedings and the Virginia Administrative Process Act, for cost years 2005 through 2007. Beginning on January 1, 2008, the parties agree to bear their own attorneys' fees and costs and each hereby releases any and all such claims that they may have for reimbursement of such fees and costs against the other party.

14. The parties agree that this Agreement is intended to effect settlement and resolution of the Leavitt Action and the Finnerty/Tavenner Action and that the circumstances and facts regarding the claims may be unique to Evergreene's facility, practice, or time period; therefore, the parties agree that nothing in this Agreement shall be deemed to constitute a precedent or creation of a policy applicable to any other individual, provider, or time period or to Evergreene's or any other facility owned or operated by Evergreene, or its assigns, agents, principals, owners, partners, subsidiaries, associates, successors in interest, or any other person or entity.

15. This Agreement and the rights and obligations of the parties set forth in the Agreement shall be binding upon and inure to the benefit of the parties herein, as well as their representatives, shareholders, officers, heirs, successors and assigns. The Agreement shall be construed and interpreted in accordance with the laws of the United States. The Agreement, furthermore, cannot be modified or amended except in writing executed by all parties with the same formality as this Agreement. Any dispute or action regarding enforcement of this Agreement shall be brought in the United States District Court for the Western District of Virginia, Charlottesville Division.

16. This Agreement shall be deemed to have been mutually drafted by the parties and no ambiguity in any of its terms shall be construed against any party due to the authorship of such terms.

17. The individuals signing this Agreement on behalf of the parties represent and warrant that they are authorized by the parties to execute this Agreement and that the Agreement is a legal, valid, and binding obligation enforceable in accordance with its terms and subject to the approvals required pursuant to Virginia Code § 2.2-514.

18. The parties understand that this Agreement is a compromise of the Leavitt Action and the Finnerty/Tavenner Action and that compliance with the above-stated terms is not to be construed as an admission of liability on the part of any party including as to the alleged findings contained in the Statements of Deficiencies for the enforcement period ending June 26, 2005. Nor is the compromise to be construed as an admission of error by any party or a compromise of the principles or policies in dispute.

19. This Agreement embodies the entire understanding between the parties with respect to the subject matter hereof, and any and all prior understandings, oral and written proposals, and communications or other agreements are merged herein and are no longer valid or enforceable. The parties acknowledge that they have not been induced to enter into the Agreement by any representation or statement, oral or written, not contained in this Agreement.

20. Should a court of competent jurisdiction find any part or provision of this Agreement to be invalid or unenforceable, the invalid or unenforceable part or provision shall be replaced with a provision which accomplishes, to the extent possible, the original purpose of such part or provision in a valid and enforceable manner, and the remainder of this Agreement shall remain binding upon the parties hereto. If such portion cannot be modified to make it

enforceable, the invalid or unenforceable portion shall be deemed severed from the remaining portions of this Agreement, which shall otherwise remain in full force and effect.

21. The parties represent that they have been given a reasonable period of time within which to consider this Agreement; that they have carefully reviewed and fully understand the terms and conditions of this Agreement; that they have sought the advice of counsel prior to executing this Agreement; that the benefit provided to them under this Agreement constitutes good and valuable consideration; and that they have voluntarily executed this Agreement without any duress, undue influence or coercion of any sort.

22. This Agreement may be executed in one or more counterparts, each of which shall be an original for all purposes, and all of which taken together shall constitute one and the same instrument. Facsimiles of signatures shall constitute acceptable, binding signatures for purpose of this Agreement.

23. In no event shall this Agreement be construed to grant, limit, provide, or terminate any right, protection, limitation, concession, interest, or otherwise, with regard to any future provisions of Law and Medicare and Medicaid policy. This Agreement is specifically limited by statutes and regulations of the Medicare and Medicaid program as specified in Title XIX of the Social Security Act, unless expressly waived herein.

IN WITNESS WHEREOF, the parties enter into this Agreement as of the date of the last signature of a party to this Agreement.

SO AGREED this the _____ day of March, 2008.

By: _____, 12th day of ~~March~~ May 2008
Douglas K. Mittleider, President
Evergreene Nursing Care Center

By: _[signature]_, AUSA, 14 day of ~~March~~ May 2008 PAM
Michael O. Leavitt, Secretary of the
United States Department of Health and Human Services


By: _____, ___ day of March 2008
Patrick W. Finnerty, Director of the Department of Medical
Assistance Services for the Commonwealth of Virginia


By: _____, ___ day of March 2008
Marilyn B. Tavenner, Secretary of Health
and Human Services for the Commonwealth of Virginia

- 11 -

By: _____, ___ day of ~~March~~ MAY 2008
Michael O. Leavitt, Secretary of the
United States Department of Health and Human Services

By: _____, 9th day of ~~March~~ MAY 2008
Patrick W. Finnerty, Director of the Department of Medical
Assistance Services for the Commonwealth of Virginia

By: _____, 16th day of ~~March~~ MAY 2008
Marilyn B. Tavenner, Secretary of Health
and Human Services for the Commonwealth of Virginia